UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONRAD MARSHALL,

                              **Plaintiff,**                          08-CV-0158(Sr)

**v.**

**ANDREW MACKENZIE and**
**HOANG KAVANAUGH,**

                              **Defendants.**

_____

## DECISION AND ORDER

Currently before the Court is plaintiff's application for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #19.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.    Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.    Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The instant motion to appoint counsel is nothing more than a copy of plaintiff's most recent motion to appoint counsel (Dkt. #15) which was previously denied by this Court, with the original June 18, 2009 date crossed out. *See* Dkt. #19. Notwithstanding the foregoing, the Court will treat the instant motion as a separate motion to appoint counsel. The Court has once again reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that while he was housed

at the Monroe County Jail, defendants, Andrew Mackenzie and Hoang Kavanaugh, subjected him to excessive force in violation of his rights under the United States Constitution. Dkt. #5. Plaintiff's most recent request for appointment of counsel states in part, "[t]he plaintiff, who is currently incarcerated at Attica CF, would respectfully request that the Court assign an attorney to assist him due to his limited education, the fact that he suffers memory problems due to a past physical injury and his inability to adequately articulate his position to the Court."[1] Dkt. #19. The Court notes that after plaintiff filed his last motion for appointment of counsel on June 22, 2009 (Dkt. #15), a Preliminary Pretrial Conference was held by telephone on July 7, 2009 with the parties, wherein the Court had the opportunity to assess firsthand the plaintiff's ability to articulate his position to the Court. Moreover, the Court further notes that this matter is still in its infancy insofar as the Case Management Order setting forth the discovery deadlines and dispositive motion deadlines was filed on July 7, 2009.

    A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. Indeed, plaintiff's complaint demonstrates that plaintiff has more than capably articulated his legal theories to the Court. Moreover, following the Preliminary Pretrial Conference held on July 7, 2009, the Court determined that the plaintiff was articulate during the discussions and further, there is nothing in the record before this Court to

---

[1] The following note appears at the conclusion of plaintiff's motion, "[t]his letter was written for Mr. Marshall after a reading of the pleadings and documents that were previously submitted by others who were assisting the Plaintiff." Dkt. #19.

allow this Court to conclude that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #19), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
November 19, 2009

**s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**