UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**CONRAD MARSHALL,**

                     **Plaintiff,**              08-CV-0158(Sr)

v.

**ANDREW MACKENZIE and
HOANG KAVANAUGH,**

                     **Defendants.**

---

## DECISION AND ORDER

Currently before the Court is plaintiff's third application for appointment of counsel pursuant to 28 U.S.C. § 1915(e). Dkt. #24.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

1. Whether the indigent's claims seem likely to be of substance;

2. Whether the indigent is able to investigate the crucial facts concerning his claim;

3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4. Whether the legal issues involved are complex; and

> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that City of Rochester police officers subjected him to excessive force in violation of his rights under the United States Constitution when they sprayed him with mace, physically assaulted him and shot him in the hip as they were effectuating his arrest. Dkt. #5. In support of his most recent request for appointment of counsel, plaintiff asserts that his case is complex, discovery is required, and that he lacks the education and/or mental faculties to present his case in an intelligent manner.

Dkt. #24. Plaintiff notes that he has relied upon other inmates to assist him thus far and has been frustrated by his inability to consistently communicate with these individuals. Dkt. #24. However, plaintiff's complaint demonstrates that plaintiff has more than capably articulated his legal theories to the Court. Moreover, following the Preliminary Pretrial Conference held on July 7, 2009, the Court determined that the plaintiff was articulate during the discussions and further, there is nothing in the record before this Court to allow this Court to conclude that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #24), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED: Buffalo, New York
February 18, 2010

    s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**